Argued and submitted October 28, 1981, affirmed May 26, 1982

# UNIVERSITY MEDICAL ASSOCIATES,
*Appellant,*

*v.*

# MULTNOMAH COUNTY,
*Respondent.*

## (No. A8005-02502, CA 19619)

645 P2d 557

John H. Heald, Portland, argued the cause for appellant. With him on the brief was Fellows, McCarthy, Zikes & Kayser, P.C., Portland.

J. Noelle Billups, Deputy County Counsel, Portland, argued the cause for respondent. With her on the brief was John B. Leahy, County Counsel, Portland.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Plaintiff appeals from a judgment dismissing its complaint on defendant's motion for summary judgment. The issue is whether circuit court clerks of Multnomah County are county or state employes for the purposes of tort liability under the theory of *respondeat superior.* Plaintiff brought an action against the county alleging that two circuit court clerks were county employes and were negligent in failing to process writs of attachment and notices of garnishment within a reasonable time. Plaintiff alleges that, as a result of the negligence of the clerks, it was unable to collect a judgment. The county moved for summary judgment based on the affidavit of the circuit court administrator, which stated that the court administrator is hired by and responsible to the circuit court judges and that the circuit court clerks are hired by and responsible to the court administrator. In response, plaintiff filed an affidavit that did not dispute the facts set out in the court administrator's affidavit but attached a copy of a Multnomah County ordinance, which plaintiff contends gave the county the right to control the circuit court administrator.

Plaintiff agrees that the circuit court clerks are under the direct supervision and control of the circuit court administrator and that the issue is whether the administrator is a county or a state employe. Both parties agree that the primary test to determine if a master servant relationship exists is the right to control. *See Peeples v. Kawasaki Heavy Indust., Ltd.,* 288 Or 143, 603 P2d 765 (1979); *Soderback v. Townsend,* 57 Or App 366, 644 P2d 640 (1982); 1 Restatement 2d, Agency, § 220. The precise issue is whether the circuit court administrator is subject to the control or the right to control by the county.

In the first assignment plaintiff contends that there is a genuine issue of material fact to be decided and that defendant is therefore not entitled to a summary judgment. In *Forest Grove Brick v. Strickland,* 277 Or 81, 559 P2d 502 (1977), the court stated the standard for review of a grant of summary judgment:

"To warrant summary judgment the moving party must show that there is no genuine issue of material fact. It is not the function of this court on review to decide issues

of fact but solely to determine if there is an issue of fact to be tried. We review the record on summary judgment in the light most favorable to the party opposing the motion." (Footnote omitted.) 277 Or at 87.

Plaintiff, without pointing to any precise fact issue, contends that the issue of the county's right to control the court administrator is an issue of fact and cites *Jones v. Herr,* 39 Or App 937, 594 P2d 410, *rev den* 287 Or 1 (1979), in support of its argument. In *Jones v. Herr, supra,* we determined that there was a fact issue whether the alleged agent was performing services in the business of the purported principal and whether the alleged tortious conduct of the agent was in the scope of any duties performed for the purported principal. Here, however, the issue of the right of control is one of law under the statutes creating the position of court administrator and the county ordinance purporting to exercise a measure of control over the duties of the administrator. The facts stated in the affidavit submitted with the motion for summary judgment were not controverted. We conclude that there is no outstanding issue of material fact to be decided.

■     In the second assignment plaintiff contends that as a matter of law the county had the right to control the circuit court administrator and was thus his employer. Plaintiff first argues that a comparison of the statute authorizing appointment of the state court administrator, ORS 8.110,[1] with that creating the circuit court administrator, ORS 8.070,[2] supports a conclusion that the circuit court administrator is a county employe. ORS 8.110 provides:

"The Supreme Court or a majority of the judges thereof shall appoint a State Court Administrator and fix his compensation and that of his staff. The State Court Administrator shall hold his office during the pleasure of the court. The State Court Administrator shall be paid monthly in the same manner as other state officers are paid."

ORS 8.070 provides:

---

[1] ORS 8.110 was amended in the 1981 special session of the legislature. Or Laws 1981, (special session) ch 1, § 12.

[2] ORS 8.070 was repealed effective January 1, 1983. Or Laws 1981 (special session) ch 3, § 141.

"(1) In a single county judicial district described in ORS 3.011 with a population of 70,000 or more, according to the latest federal decennial census, the presiding judge may appoint a person to serve as court administrator subject to the approval of a majority of the judges of the circuit court. The administrator holds office at the pleasure of a majority of the judges of the circuit court, and shall perform the functions prescribed by court rule adopted by the judges of the circuit court of the judicial district where appointed.

"(2) A majority of the judges of the circuit court shall fix the compensation of the administrator, subject to the approval of the board of county commissioners. Such compensation shall be commensurate with the duties performed by the administrator and shall be paid by the county in the same manner as the salaries of county officers are paid.

"* * * * * "

Plaintiff points out that ORS 8.110 makes appointment of a state court administrator mandatory, while appointment of a circuit court administrator is discretionary. Although there is a difference in the terms used, the substance of each statute is the authority to appoint the administrator. If the circuit judges decide in their discretion to have a court administrator, they have the sole authority to appoint one. The county is given no authority to appoint. Plaintiff next notes that the salary of the state court administrator is fixed by the Supreme Court, is not subject to approval of any other body and is paid by the state. In contrast, the salary of the circuit court administrator is fixed by the court, but is subject to approval of the county and is paid by the county. The apparent argument is that because the county must approve and pay the administrator's salary, the county is setting and paying the remuneration of its employe. In *Multnomah County v. Hunter,* 54 Or App 718, 635 P2d 1371 (1981), involving an analogous issue, we quoted the following from *Harris v. State Ind. Acc. Comm.,* 191 Or 254, 271-72 230 P2d 175 (1951):

" 'The payment of wages is considered the least conclusive of the tests for determining whether the relation of employer and employee exists. It is not decisive where it is shown that the employee was actually under the control of another person during the progress of the work. * * *

"* * * * *

"The principle to be deduced from the authorities is that, when the remaining evidence shows beyond dispute *that the alleged employee is subject to the control and direction of one person, evidence that the wages were paid by another should be disregarded.* * * *' (Citations omitted.)" 54 Or App at 721.

The allocation of responsibility to pay the salary of the administrator adds little to the analysis of the right to control. The payment of the administrator's salary is the result of funding statutes and not of the fact that the administrator is a county employe or that the county exercises a measure of control over the administrator. *See Multnomah County v. Hunter, supra,* and Or Laws 1979, ch 536.

The final contention in plaintiff's comparative analysis argument is that ORS 8.110 specifically designates the state court administrator as a state officer by the language that that administrator shall be paid "as other state officers are paid." The comparable language in ORS 8.070 is that the circuit court adminmistrator shall be paid "in the same manner as the salaries of county officers are paid." The language quoted from ORS 8.070 does not designate the circuit court administrator as a county employe; it merely provides that the salary due is to be paid in the same way that the county pays county officers. We do not interpret the statutory language as indicating that the administrator is paid in the status of a county officer.

It is clear from the statutes relating to the duties and appointment of a circuit court administrator that the administrator is under the control of the circuit court judges, who are state officers. ORS 8.070 provides that the administrator holds his office at the pleasure of the circuit judges and is to perform functions prescribed by court rule adopted by the judges. ORS 8.070(4) requires the court administrator of Multnomah County to perform the duties set forth in ORS 205.110[3] and, in performing those duties, to conform to the direction of the court.

Plaintiff does not seriously contend that the statutes give the county the right to control the circuit court

---

[3] ORS 205.110 was amended by Or Laws 1981 (special session) ch 3, § 39, effective January 1, 1983.

administrator in performance of his duties. However, plaintiff argues that Multnomah County Ordinances 2.30.360 and 2.30.370[4] give the county ultimate control over the court administrator. The ordinances purport to give the county authority to assign duties to the administrator, review the performance of those duties and to remove functions from the purview of the court administrator if the county deems they are not being properly performed and to reassign those duties to county departments. Plaintiff appears to argue that the county can remove all duties from the court administrator and thus exercise a large measure of control simply by determining what duties the administrator may perform. We do not read the ordinances that broadly. Their purpose was to assign duties over which the county had control to either the court administrator, the County Department of Administrative Services or the

---

[4] Multnomah County Ordinances 2.30.360 and 2.30.370 provide:

"2.30.360 *Assignment of court administration functions.* The functions formerly performed by the Division of Courts Process of the Department of Justice Services shall be assigned as follows:

"(A) The Circuit and District Court Administrators shall perform the services and duties imposed by state law and county ordinances upon the county clerk and district court clerk with reference to administration of the courts and maintenance and custody of court files and records;

"(B) The Department of Administrative Services shall perform all other services and duties imposed by state law and county ordinances upon the county clerk, including, without limitation, recording, maintenance and custody of public records other than court records and licensing; and

"(C) The Department of Justice Services shall perform the services and duties imposed by state law and county ordinances upon the county sheriff with reference to civil process and other services to the courts.

"2.30.370 *Board review of court functions.* Because assuring satisfactory performance of the functions assumed by the court administrators under MCC 2.30.360 is the responsibility of Multnomah County under the Constitution and laws of the State of Oregon, the board shall at all times remain responsible for determining that those functions are being performed in a manner it considers satisfactory and in the interests of the people of Multnomah County. The board shall periodically review whatever matters it regards as relevant to this determination, and, if at any time it determines that those functions are not being performed in a satisfactory manner or in a manner which best promotes the interests of the people of Multnomah County, the board shall by ordinance assign them to the Department of Justice Services or to such other county departments or offices as it may select. At that time, the court administrators shall immediately cease performance of the functions and shall assist in all necessary and appropriate manners the transfer of the functions to the departments or offices to which they are assigned.

County Department of Justice Services. We do not read the ordinance as an assumption by the county of authority over those duties and functions given by statute to the court administrator. The county would have no authority to remove from the court administrator the duties specifically assigned by ORS 205.110 or the duties given to the administrator by the court.

The duties that plaintiff alleges were negligently performed were duties given by statute to the court administrator to be performed under direction of the circuit court. The county had no control over these duties or the performance of them. The ordinances do not give the county the right to control the administrator necessary to impose liability on the theory of *respondeat superior.*

The county argues that, if the ordinances are construed as plaintiff suggests, they are invalid as exceeding the county's home rule authority. We need not discuss the contention because, as we construe the ordinances, the county does not have control over the court administrator sufficient to make the administrator a county employe.

Affirmed.