# NORRIS,
*Respondent - Cross-Appellant,*

*v.*

# SACKETT,
*Appellant,*

# HOUSING FOR THE HANDICAPPED, INC.,
*Defendant - Cross-Respondent.*

(80-2659; CA A25330)

665 P2d 1262

James E. Griffin, Lake Oswego, argued the cause and filed the brief for appellant.

J. W. Walton, Corvallis, argued the cause for respondent - cross-appellant. On the briefs were Loren W. Collins and Ringo, Walton & Eves, Corvallis.

Patrick Rothwell, Portland, argued the cause for cross-respondent. On the brief were Gary V. Abbott and Wolf, Griffith, Bittner, Abbott & Roberts, Portland.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

This is a tort case in which plaintiff sought damages for injuries he sustained when his motorcycle was involved in a collision with a car driven by defendant Sackett. At the time of the accident, defendant Sackett was a director of co-defendant Housing for the Handicapped, Inc., (Housing) and was engaged in activity for Housing's benefit. Nonetheless, the trial judge granted a directed verdict for Housing against plaintiff, holding that there was no factual basis upon which Housing could be held vicariously liable to plaintiff under the doctrine of *respondeat superior.* The jury then returned a verdict in favor of plaintiff and against defendant Sackett. Both Sackett and plaintiff appeal. We affirm.

We find no error in the assignments advanced by defendant Sackett. The judgment against her is affirmed. We turn to plaintiff's cross-appeal.

Plaintiff argues that the trial judge erred in taking the question of Housing's liability for the actions of its director, Sackett, from the jury. The trial judge apparently based his ruling on what he construed to be a lack of evidence of Housing's "right to control" the specific manner in which Sackett carried out her activities on behalf of Housing. *See, e.g., Soderback v. Townsend,* 57 Or App 366, 644 P2d 640 (1982). We agree.

Plaintiff makes no claim that the relationship between Housing and Sackett was that of master and servant; it is conceded that the relationship was one of principal and agent. Concerning the distinction between these two relationships, we said in *Stein v. Beta Rho Alumni Ass'n,* 49 Or App 965, 972-73, 621 P2d 632 (1980):

> "The distinction between principal and agent and master and servant is drawn in *Kowaleski v. Kowaleski,* 235 Or 454, 385 P2d 611 (1963), at 457:
>
> " '* * * All servants are agents and all masters, principals. However, all principals and agents are not also masters and servants. The Comment to § 250, 1 Restatement 2d 549-550, Agency, states the distinction as follows:
>
> " ' "A principal employing another to achieve a result but not controlling or having the right to control the details of his physical movements is not responsible for incidental

negligence while such person is conducting the authorized transaction. Thus, the principal is not liable for the negligent physical conduct of an attorney, a broker, a factor, or a rental agent, as such. In their movements and their control of physical forces, they are in the relation of independent contractors to the principal. *It is only when to the relation of principal and agent there is added that right to control physical details as to the manner of performance which is characteristic of the relation of master and servant that the person in whose service the act is done becomes subject to liability for the physical conduct of the actor.* * * *" ' (Emphasis supplied.)

"Thus the plaintiff must prove not only that an agency relationship existed between the defendant and the [agent], but also that the defendant had a right to control the physical details of the [agent's] actions as in the relationship of master and servant." (Emphasis in original.)

Applying the foregoing to the present case, plaintiff cannot establish Housing's liability merely by showing that Sackett was one of Housing's directors. That proves agency only; there must also exist a right to control. *Soderback v. Townsend, supra.*

Plaintiff argues that there was at least sufficient evidence of a right to control so that the issue should have been presented to the jury. We disagree. The evidence shows only that Sackett was given a task—finding group homes. There is no suggestion in this record that Housing had any right to control the way in which that task was accomplished. The trial court did not err in taking the issue from the jury.

Affirmed.