Argued and submitted January 18, reversed and remanded April 18, both respondent Morrison's reconsideration and respondent Pollock's reconsideration denied June 29, petitions for review denied August 28, 1984 (297 Or 781)

EDMONDS et al,
*Appellants,*

*v.*

POLLOCK ENTERPRISES, INC. et al,
*Respondents.*

(A8105-03110; CA A27597)

680 P2d 389

Noreen K. Saltveit, Portland, argued the cause and filed the briefs for appellants.

I. Franklin Hunsaker, Portland, argued the cause for respondents Pollock Enterprises, Inc., an Oregon corporation, dba Rose City Speedway; Theodore A. Pollock, individually, and dba Pollock Motors; National Association for Stock Car Auto Racing, Inc., a Florida corporation; Competitors Liaison Bureau of NASCAR, Inc., a Forida corporation; W. G. S., Inc., an Oregon corporation; Northwest Pushcar, an Oregon non-profit corporation; James Blomgren, and K & K Insurance Agency, Inc., an Indiana corporation. With him on the brief were Stephen F. English, Danford E. Lloyd Bickmore, and

Bullivant, Wright, Leedy, Johnson, Pendergrass & Hoffman, Portland.

Michael A. Lehner, Portland, argued the cause for respondents William Morrison, individually and dba Bill Morrison, Ambulance Service. With him on the brief was Mitchell, Lang & Smith, Portland.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

PER CURIAM

## PER CURIAM

Plaintiffs, husband and wife, appeal from a summary judgment in favor of defendants in this action for damages arising out of an accident which occurred while husband was competing in a stock car race. The issue is whether the trial court correctly concluded that there was no genuine issue of material fact and that defendants were entitled to a judgment as a matter of law. ORCP 47C. We review the record in the light most favorable to plaintiffs, the parties opposing the motion. *Soderback v. Townsend,* 57 Or App 366, 644 P2d 640, *rev den* 293 Or 394 (1982).

Before the race, husband signed three exculpatory releases and wife signed one. We see no point in relating in detail the evidence presented here by affidavit and deposition. Suffice it to say that we conclude genuine issues of material fact are raised as to the validity and scope of the releases, the degree of defendants' negligence, if any, and the nature of the relationships between the parties.

Reversed and remanded.