Argued and submitted April 6, reversed and remanded with instructions
September 26, 1984

JEFFREY HODGES,
*Respondent - Cross-Appellant,*

*v.*

STATE OF OREGON,
*Appellant,*
*and*

MULTNOMAH COUNTY et al,
*Respondents - Cross-Respondents.*

(A8208-05005; CA A29318)

688 P2d 132

William F. Nessly, Jr., Assistant Attorney General, Salem, argued the cause for appellant. With him on the briefs were Dave Frohnmayer; Attorney General, James E. Mountain, Jr., Solicitor General, and Thomas K. Elden, Assistant Attorney General, Salem.

Rudolph Westerband, Assistant County Counsel, Portland, argued the cause for respondents-cross-respondents. With him on the brief was John B. Leahy, County Counsel for Multnomah County, Portland.

Hap Wong, Portland, filed the brief for respondent - cross-appellant.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Plaintiff sued Multnomah County and the State of Oregon for damages resulting from the alleged negligent failure of a circuit court employe to process promptly an order releasing him from jail. Multnomah County moved to dismiss the complaint as to it on the grounds that circuit court employes are state employes and that only the state could be liable for any damage. The trial court granted Multnomah County's motion.

The case against the state then was tried to the court on stipulated facts and damages; that resulted in a judgment against the state. The state appeals, contending that, for the purposes of the Tort Claims Act, a circuit court employe is not a state employe. Plaintiff cross-appeals. He contends that the trial court erred in granting Multnomah County's motion to dismiss.

Plaintiff's complaint alleges that on May 14, 1982, he was in the Multnomah County Jail on a felony charge. On that day, the circuit court dismissed the charge and ordered his release. It alleges further that, due to the negligence of a circuit court employe, plaintiff was not released until May 17, 1982.

At trial, the state introduced the Multnomah County Treasurer's affidavit stating that, during the period January 1, 1981, to January 1, 1983, the salary of all circuit court employes was paid wholly or in part by the county. The trial court found as a matter of law that "defendant employe at all material times was an employe of the State of Oregon and not an employe of Multnomah County."

ORS 30.265(1) provides in relevant part:

"Subject to the limitations of ORS 30.260 to 30.300, every public body is liable for its torts and those of its officers, employes and agents acting within the scope of their employment or duties, whether arising out of a governmental or proprietary function or while operating a motor vehicle in a ridesharing arrangement authorized under ORS 276.598. * * *"

In *University Med. Assoc. v. Mult. County,* 57 Or App 451, 645 P2d 557 (1982), we held that, for the purposes of tort liability

on the theory of *respondeat superior,* the circuit court administrator and the circuit court clerks were not "county employees or agents" under ORS 30.265(1). The state concedes that the employe here is subject to the same supervision and control as were the employes in *University Med. Assoc.* It argues, however, that by amending ORS 30.285 and ORS 278.100 in 1981, the legislature placed responsibility for the torts of circuit court employes on counties.[1]

ORS 30.285 and ORS 278.100 were amended in 1981 to provide that the state would not be responsible for the torts of circuit court employes "whose salary is paid wholly or in part by the county."[2] Moreover, the legislative history of the 1981 amendments demonstrates that the legislature was aware that the 1981 amendments would require counties to indemnify employes who were under the direct supervision and control of state officers.[3] *See, e.g.,* Hearings, Joint Ways

---

[1] No issue was raised under ORS 30.285(8) and ORS 278.100(3) in *University Med. Assoc. v. Mult. County, supra.*

[2] Or Laws 1981, ch 109, §§ 5 and 12; ch 490, § 1; ch 913, §§ 1 and 2.

At the time of plaintiff's alleged injury, ORS 30.285 provided in relevant part:

"(1) The governing body of any public body shall defend, save harmless and indemnify any of its officers, employes and agents, whether elective or appointive, against any tort claim or demand, whether groundless or otherwise, arising out of an alleged act or omission occurring in the performance of duty.

"* * * * *

"(8) As used in this section, 'state officer, employe or agent' includes district attorneys but does not include any employe of the office of the district attorney or of the justice, district or circuit courts whose salary is paid wholly or in part by the county."

ORS 278.100 provided in relevant part:

"(1) There hereby is established a Liability Fund as a separate account in the Restoration Fund under ORS 278.020, which shall be used to provide insurance or self-insurance for the liability of the State of Oregon and its officers, agents or employes, and for the liability of a participating local public body and its officers, agents or employes, for or on account of any loss, damage or injury within the scope of ORS 30.260 to 30.300, including the operation of motor vehicles within the state's or public body's control.

"* * * * *

"(3) As used in this section, 'the State of Oregon and its officers, agents or employes' includes the district attorney but does not include any employe of the office of the district attorney or of the justice, district or circuit courts whose salary is paid wholly or in part by a county and who shall be considered an officer, agent or employe of the county."

[3] ORS 1.001, effective January 1, 1983, now provides that circuit court employes shall be paid by the state.

and Means Committee, May 1, 1981, Tape 79A; Minutes, Joint Ways and Means Subcommittee, March 27, 1981, p 58.

We conclude that the trial court erred when it awarded judgment against the State of Oregon. The court also erred when it granted Multnomah County's motion to dismiss. Multnomah County did not stipulate to the facts or damages resulting in the judgment for plaintiff. Reversed and remanded with instructions to vacate the judgment against the State of Oregon and to reinstate plaintiff's complaint against Multnomah County and for further proceedings not inconsistent with this opinion.