Argued and submitted November 16, 1984, reversed and remanded January 23, 1985

# GRANT,
*Appellant,*

*v.*

# TRANSIT CASUALTY COMPANY,
*Respondent.*

(A8306 04012; CA A31333)

693 P2d 1328

Joseph C. Guimond, Salem, argued the cause for appellant. With him on the brief was Enfield & Guimond, Salem.

Barry M. Mount, Portland, argued the cause for respondent. With him on the brief were Mark L. Zipse, and Bodyfelt, Mount, Stroup & Chamberlain, Portland.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Plaintiff brought this action against Transit Casualty Company, a liability insurance carrier, to collect a judgment she had obtained against Transit's insured, Magnolia Management, Inc., a California corporation. The trial court granted Transit's motion for summary judgment based on its affirmative defense of non-cooperation by Magnolia. Plaintiff appeals. The question is whether there is any genuine issue of material fact regarding Transit's affirmative defense. Viewing the record in the light most favorable to plaintiff, *Edmonds v. Pollock Enterprises,* 67 Or App 798, 799, 680 P2d 389, *rev den* 297 Or 781 (1984), we reverse and remand.

Plaintiff sued Magnolia for damages arising from an automobile accident. When she requested production of certain documents, Magnolia failed to produce them. Even after plaintiff's motion for an order compelling production was allowed, Magnolia still failed to produce the documents. On plaintiff's motion for sanctions, the trial court struck Magnolia's pleadings and entered a default judgment in plaintiff's favor. When plaintiff was unable to collect from Magnolia, she made demand on Transit, *see* ORS 743.783, which refused to pay. Plaintiff then commenced this action against Transit.

The insurance contract between Transit and Magnolia contained a standard "non-cooperation" clause that voided coverage if Magnolia failed to cooperate in the defense of the action.[1] Transit raised Magnolia's non-cooperation as an affirmative defense to plaintiff's action against it. *See Riggs v. New Jersey, etc. Plate Glass Co.,* 126 Or 404, 413, 270 P 479 (1928). After considering the evidence of Magnolia's non-cooperation, the trial court concluded that Transit was entitled to prevail on its affirmative defense as a matter of law.

Plaintiff contends that the record on summary judgment raises fact questions whether Magnolia's breach, if any,

---

[1] The policy provides in relevant part:

"(c) The insured shall cooperate with the company and, upon the company's request, assist in making settlements, in the conduct of suits and enforcing any right of contribution or indemnity against any person or organization who may be liable to the insured because of injury or damage with respect to which insurance is afforded under this policy; and the insured shall attend hearings and trials and assist in securing and giving evidence and obtaining the attendance of witnesses."

was wilful, whether any prejudice resulted to Transit and whether Transit acted with due diligence and in good faith in seeking Magnolia's cooperation in the defense of plaintiff's claim. She argues that Transit knew that Sherman,[2] Magnolia's chief executive officer, was not being cooperative and that Transit should have done more to obtain the requested documents; that Transit did not warn Sherman until it was too late that his non-cooperation might void Magnolia's insurance coverage and that those facts raise an inference that Transit was trying to create a non-cooperation defense to an otherwise indefensible claim. She also argues that the fact that Transit took no action to set aside or to obtain reconsideration of the default judgment against Magnolia, or to appeal from it, raises an inference that Transit lacked the motivation to defend against her claim on its merits and, therefore, did not exercise due diligence and good faith in seeking Magnolia's cooperation. Transit contends that its evidence shows conclusively that Magnolia failed to cooperate in the defense of plaintiff's claim. It argues that Magnolia's failure was wilful, that it was prejudiced by the failure and that it exercised due diligence and good faith in seeking Magnolia's cooperation. Transit also argues that any motion attacking the default judgment, or an appeal, would have been frivolous.

■     In *Bailey v. Universal Underwriters Ins.*, 258 Or 201, 225, 474 P2d 746, 482 P2d 158 (1971), the Supreme Court stated:

> "Since the insurer is the party who is seeking to avoid the burdens of the insurance contract by alleging the defense of non-cooperation, it follows that the insurer has the burden to establish all of the elements of that defense, including the performance of its duty to exercise reasonable diligence and good faith. * * *
>
> "The question of whether, in such a case, the insurer has exercised reasonable diligence and good faith is ordinarily a question of fact for the jury or other trier of the facts * * *." (Citations omitted.)

*See Oregon Automobile Insurance Co. v. Salzberg*, 85 Wash 2d 372, 535 P2d 816, 819 (1975); 8 Appleman, *Insurance Law and*

---

[2] In its brief, Transit states that Sherman was the president, chief executive officer and owner of nearly all of Magnolia's stock. For all intents and purpose, Sherman apparently was Magnolia.

*Practice* 331, § 4787. It is not the trial court's function to decide issues that are basically factual, like due diligence and good faith. Those are issues for trial. *See Kriz v. Gov't Employees Ins. Co.,* 42 Or App 339, 350, 600 P2d 496 (1979), *rev den* 288 Or 571 (1980). It is difficult to state any specific principles concerning what does or what does not constitute an exercise of due diligence and good faith. *See State Farm Ins. v. Farmers Ins. Exch.,* 238 Or 285, 294, 387 P2d 825, 393 P2d 768 (1964). That question is to be decided in the light of the particular facts and circumstances of each case. *Bailey v. Universal Underwriters Ins., supra,* 258 Or at 225.

The record shows that Transit had considerable difficulty locating and communicating with Sherman. He failed to appear for his deposition. Later, under court order, he did appear and was deposed. At that time, he was asked by plaintiff to produce the documents, and he agreed to do so. However, Transit's attorney objected and demanded a formal motion to produce.[3] Transit permitted Sherman to return to California without making any arrangements with him to produce the documents. When it informed him of the court order requiring production of the documents, he responded that Magnolia had ceased operations and that any judgment against it would be worthless. A finder of fact reasonably could have concluded that it was, or should have been, apparent to Transit that Sherman was not highly motivated to cooperate in the defense of plaintiff's claim and that Transit had not exercised due diligence and good faith in attempting to secure his cooperation.

While Transit's evidence shows that it made some effort to secure Magnolia's cooperation, we are unable to say, as a matter of law, that that evidence was sufficient to deny plaintiff the right to submit the issue of Transit's due diligence and good faith, or lack thereof, to a trier of fact. We conclude that the trial court erred in granting Transit's motion for summary judgment.

Reversed and remanded.

---

[3] Magnolia was represented by Transit's attorney at the deposition. Sherman was unrepresented.