Argued and submitted April 20, 1987, affirmed January 27, reconsideration denied May 6, petition for review denied June 7, 1988 (306 Or 79)

MOXNESS,
*Respondent,*

*v.*

CITY OF NEWPORT,
*Respondent,*

*and*

STATE OF OREGON,
*Appellant.*

(84-0333; CA A37936)

748 P2d 1014

Philip Schradle, Assistant Attorney General, Salem, argued the cause for appellant. With him on the briefs were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

No appearance for respondent Marilyn Kay Moxness.

I. Franklin Hunsaker, Portland, argued the cause for respondent City of Newport. With him on the brief were Ronald E. Bailey, Douglas R. Andres and Bullivant, Houser,

Bailey, Hanna, Pendergrass, Hoffman, O'Connell & Goyak, Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

The city of Newport (city) seeks indemnity from state for liability which it incurred when a state road sign fell and injured plaintiff. At issue is whether city was acting as state's agent when it re-erected the sign shortly before the accident. We affirm the summary judgment requiring state to indemnify city.

The sign, which marked the entrance to a parking lot for the Motor Vehicles Division and State Police offices in Newport, fell and struck plaintiff while she was jogging on the roadway near the sign. She filed complaints alleging claims against city and state. Both defendants filed cross-claims against each other for indemnity in the event of a verdict for plaintiff. There were cross-motions for summary judgments relating to the indemnity issue. The effect of the court's orders granting city's motions and denying state's and the resulting judgment was to allow city's claim for indemnity. The jury returned a verdict for plaintiff and against both defendants.[1]

The facts respecting the indemnity issue are not disputed. Before the accident which injured plaintiff, the sign had fallen over and the manager of the Motor Vehicles Department had asked city to replace it, because state road crews would be unable to get to it for some time. He wanted the sign replaced, because it marked the location of the State Police headquarters. It was replaced by city employees during working hours, and the work was supervised by another city employe. City did not charge state for the service, because city and state, from time to time, performed repair services for each other without charge.

The issue is whether city is entitled to indemnification on the ground that it acted as an agent of state. ORS 30.285(1) provides:

> "The governing body of any public body shall defend, save harmless and indemnify any of its officers, employes and agents, whether elective or appointive, against any tort claim or demand, whether groundless or otherwise, arising out of an alleged act or omission occurring in the performance of duty."

---

[1] The court granted state's motion for judgment notwithstanding the verdict. That ruling is not an issue in this appeal.

The parties dispute the appropriate test for determining what constitutes an agent under the statute. State contends that the common law test for agency discussed in *Cain v. Rijken,* 300 Or 706, 717 P2d 140 (1986), is appropriate. City contends that *Samuel v. Frohnmayer,* 82 Or App 375, 728 P2d 97 (1986), *modified* 84 Or App 80, *rev den* 303 Or 261 (1987), is directly on point and is controlling. In that case we suggested a broader test for determining the state's responsibility for actions of putative agents who are volunteers. *See* 43 Op Att'y Gen 149 (Or 1983). Nevertheless, we based our conclusion that the state had to indemnify the plaintiff under ORS 30.285(1) on the issues of control *and* whether the plaintiff was performing a function on behalf of the state. That, in essence, is the common law test for agency.

There is no question but that city was carrying out a function on behalf of state. The principal issue is whether there was the requisite degree of control. Because there is no dispute as to the factual predicate of the legal issue, the question of agency becomes one of law. *Woody v. Waibel,* 276 Or 189, 554 P2d 492 (1976); *Soderback v. Townsend,* 57 Or App 366, 644 P2d 640, *rev den* 293 Or 394 (1982). In *Samuel v. Frohnmayer, supra,* we noted that it had been stipulated by the parties that the state had exercised no direct control over the manner in which the committee, chaired by the plaintiff, conducted its investigations. We also noted that the state selected the files that it wanted the plaintiff's committee to investigate. We concluded:

> "Therefore, although the [state] did not exercise control over the manner in which the investigations were conducted, it did control which case files were subject to review and the scope of those investigations." 82 Or App at 381.

We held that the plaintiff was an agent of the state for the purposes of ORS 30.285(1).

In this case, state did not exercise any direction or control of the manner in which the sign was re-erected. The job was done by city labor under the direction of city supervisory personnel. However, state had the right to control all aspects of replacement of the sign and did in fact exercise some direction and control. It requested that the sign be replaced and that a particular sign be placed in a particular location within a particular time frame. It had the right to and

could have inspected and directed the erection of the sign at any time. The right of control, whether meaningfully exercised, is an important consideration in deciding whether an agency exists as a matter of law. *See Peeples v. Kawasaki Heavy Indust., Ltd.,* 288 Or 143, 603 P2d 765 (1979).

Affirmed.